UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN ROBERT SMITH,<br>a/k/a Yahye Raheem Hammurabi El Bey,<br><br>      Petitioner,<br>v.<br><br>JOAN FABIAN, Commissioner, M.D.O.C.,<br><br>      Respondent. | Civil File No. 09-2030 (JRT/JJK)<br><br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed without prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Sometime in late 2007 or early 2008, Petitioner was convicted in the state district court for Ramsey County, Minnesota, for making terroristic threats. He was sentenced to 30 months in prison. (Petition, p. 2.) As far as the Court can tell, Petitioner is still in the custody of the Minnesota Commissioner of Corrections as a result of his conviction and sentence, but it appears that he is currently on supervised release.

Petitioner did not challenge his conviction or sentence on direct appeal, nor has he

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

applied for post-conviction relief in the state courts. (Id., pp. 1-3).[2]

The present habeas corpus petition lists two claims for relief, which are, for the most part, incomprehensible. However, those claims, (whatever they may be), cannot be entertained at this time, because they have not been previously raised in, and adjudicated by, the Minnesota state courts.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845 (emphasis added). Thus, in order to exhaust his state court remedies, a prisoner must fairly present his federal constitutional

---

[2] Petitioner did file a previous federal habeas corpus action in this District. Smith-El v. Fabian, Civil No. 08-4744 (JRT/JJK). That case was dismissed without prejudice, because Petitioner had failed to exhaust his state court remedies.

claims to the highest available state court, (in Minnesota, the State Supreme Court), before seeking relief in federal court.

The United States Supreme Court has explained the exhaustion of state court remedies requirement as follows:

> "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'... [Citations omitted.] To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. [Citations omitted]."

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

In this case, it clearly appears on the face of Petitioner's habeas corpus petition that none of his current claims for relief has ever been fairly presented to, or addressed by, the Minnesota Supreme Court. Indeed, it appears that Petitioner's current claims for relief have not been raised in any state court. Because Petitioner has not fairly presented his claims to the Minnesota state courts, he has not satisfied the exhaustion of state court remedies requirement.

Furthermore, there is a state court remedy that might still be available for Petitioner's unexhausted claims -- namely a motion for post-conviction relief brought under Minn.Stat. §§ 590.01 et seq. The Court recognizes that Petitioner might be procedurally barred under state law from raising his unexhausted claims in a state post-conviction motion, if the state courts determine that those claims could have been previously raised on direct appeal. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997), citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995).

3

However, it is preferable to have the Minnesota state courts, rather than the federal district court, decide which of Petitioner's unexhausted federal constitutional claims can still be heard and decided on the merits in state court, and which claims (if any) are barred by the state's procedural rules.[3]

Thus, the Court will recommend that this action be summarily dismissed, because Petitioner has failed to exhaust his available state court remedies for any of the claims listed in his current petition. It will be recommended that the case be dismissed <u>without prejudice</u>, however, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claims.[4] Petitioner may return to federal court -- if necessary --

---

[3] Any claims that the state courts refuse to decide on the merits because of a state procedural rule will be procedurally defaulted, and will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or new evidence proving Petitioner's "actual innocence." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). <u>See</u> also <u>Jones v. Jerrison</u>, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting <u>Coleman</u>, 501 U.S. at 732.

[4] If Petitioner pursues this option, he should keep in mind that he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review, (if relief is not granted by the trial court). As the Court has already pointed out, "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one <u>complete</u> round of the State's established appellate review process." <u>O'Sullivan</u>, 526 U.S. at 845 (emphasis added). Therefore, Petitioner will have to present all of his claims to the Minnesota Supreme Court.

Petitioner should also bear in mind that a federal habeas claim is not exhausted unless the <u>federal constitutional dimension</u> of the claim has been fairly presented to the state courts. As the Supreme Court pointed out in <u>Duncan</u>, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." 513 U.S. at 365-66. In other words, if a state prisoner claims "that his

4

after the state courts, including the Minnesota Supreme Court, have reviewed and decided <u>all</u> of the claims that he seeks to raise in federal court. See <u>Ashker v. Leapley</u>, 5 F.3d 1178, 1180 (8th Cir. 1993).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

This action be summarily **DISMISSED WITHOUT PREJUDICE**.

DATED: October 1, 2009

                                                          s/Jeffrey J. Keyes
                                                        JEFFREY J. KEYES
                                                        United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 15, 2009,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

incarceration violates federal law, 'he must say so, not only in federal court, but in state court.'" <u>Wyldes v. Hundley</u>, 69 F.3d 247, 251 (8th Cir. 1995), <u>cert</u>. <u>denied</u>, 517 U.S. 1172 (1996), quoting <u>Duncan</u>, <u>supra</u>. Therefore, if Petitioner does return to the state courts, he will have to make sure that any claims he might seek to preserve for federal habeas review are clearly presented to the state courts as federal constitutional claims.

Finally, the Court again notes that Petitioner's current petition does not clearly describe the claims that he is trying to advance. If Petitioner attempts to prosecute any further claims in state or federal court, he will have to do a better job of presenting his claims in a manner that is comprehensible to the courts.